IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP WAINSCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:09-CV-1844-K |
| DALLAS COUNTY, TEXAS and | § | |
| JOHN WILEY PRICE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is (1) Plaintiff Phillip Wainscott's Motion for Preliminary Injunctive Relief (Doc. No. 2), filed on September 30, 2009; (2) Defendants Dallas County, Texas and John Wiley Price's, in his individual and official capacities, Motion to Dismiss (Doc. No. 5), filed on October 21, 2009; and (3) Defendant Dallas County Bail Bond Board's Motion to Dismiss (Doc. No. 21), filed on January 4, 2010.  The Court **DENIES** Plaintiff's motion for preliminary injunctive relief and **GRANTS** both motions to dismiss.

I.  **Factual and Procedural Background**

Plaintiff Phillip Wainscott is a criminal law practitioner, licensed to practice law by the Supreme Court of Texas.  Until September 14, 2006 Wainscott was authorized to write bail bonds on behalf of criminal defendants whom he represented as legal counsel pursuant to the attorney exception in Section 1704.163 of the Texas

- 1 -

Occupations Code.

Wainscott's legal authority to issue these bonds was suspended by the Dallas County Bail Bond Board ("the DCBBB") at a hearing in which he appeared as a party and was represented by counsel. Wainscott was suspended for improperly advertising in several different Dallas County Yellow Page advertisements and on the internet as "Aaron Bail Bonds" or "A Aaron Bail Bonds," a non-existent bail bond company that is not licensed to issue bail bonds in Dallas County. Wainscott was linked to these improper advertisements because his name and telephone number were listed in the advertisements.

On October 17, 2006, Wainscott filed suit in the District Court of Dallas County, Texas, 101st Judicial District against the DCBBB alleging, inter alia, a violation of his procedural due process rights under the United States Constitution and the state law of Texas. On December 19, 2006, the state court entered a final judgment dismissing Wainscott's claims against the DCBBB on the merits.

On September 30, 2009, Wainscott filed his Original Complaint against Defendants Dallas County, Texas, the DCBBB, and John Wiley Price, in his individual and official capacities, pursuant to 42 U.S.C. § 1983 and Texas state law seeking damages and injunctive relief. Plaintiff alleges Defendants have deprived him of his legal authority to issue bail bonds in contravention of his constitutional rights under federal and state law. Defendants filed motions to dismiss asserting Plaintiff's lawsuit should

be dismissed because Plaintiff sued improper parties, Plaintiff's claims are barred by res judicata, and service of process was insufficient.

## II. Legal Standard

In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309–10 (5th Cir. 1986). In looking at whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The court must assume the truth of all pleaded facts and liberally construe the complaint in favor of the plaintiff. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). To survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must instead plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 127 S. Ct. at 1949, 167 L. Ed. 2d at 884. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*, 127 S. Ct. at 1949, 167 L. Ed. 2d at 884. (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966, 167 L. Ed. 2d at 941 (brackets omitted)).

### III.    Analysis

Defendants allege Plaintiff's lawsuit should be dismissed because the County and Price are improper parties, Plaintiff's claims are barred by res judicata, and service of process was insufficient as to the DCBBB. The Court agrees.

#### A.    Improper Parties

Defendants contend that the DCBBB is the real party in interest and is the only party which may be sued by Wainscott. The DCBBB is a separate and independent jural entity mandated by Texas law. Tex. Occ. Code § 1704.051 (2009). It consists of thirteen (13) members one of whom may be a member of the Dallas County Commissioners Court. *Id.* § 1704.053 (2009). Four members of the DCBBB constitute a quorum and the board may only take action on a majority vote of the board members

present. *Id.* § 1704.056 (2009). The DCBBB has exclusive enforcement authority to either suspend or revoke a license to issue bail bonds. *Id.* § 1704.102(a)(3) (2009).

Although Price is admittedly a member of the DCBBB, neither he nor the County, had any independent legal authority to either suspend or revoke Wainscott's license to issue bail bonds which is the basis of Plaintiff's Complaint in this suit. Only the DCBBB, acting as a separate and independent jural entity, had the requisite legal authority to take this action.

Accordingly, the DCBBB is the real party in interest and Wainscott's claims against the County and Price are dismissed as a matter of law.

### B. Res Judicata or Claim Preclusion

The test for claim preclusion has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgement on the merits; (4) the same claim or cause of action was involved in both claims." *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. 1999). If satisfied, the parties in the prior action are prohibited from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action. *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). To determine whether the claims are in fact identical, the court applies the transactional test, which considers whether the two claims rest on "the same nucleus of

operative facts." *In re Southmark Corp.*, 163 F.3d at 934 (quoting *Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736, 743 (5th Cir.1993)). Under this approach, the operative facts define the claims, not the relief requested, legal theories, or rights asserted. *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). If the operative facts are the same, the prior judgment's preclusive effect "extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (alteration in original).

Wainscott and the DCBBB were both parties in the earlier state lawsuit. A final judgment on the merits was rendered by the District Court of Dallas County, Texas—a court of competent jurisdiction. The same causes of action for denial of due process under the United States Constitution and the state law of Texas were raised in the prior state lawsuit. Moreover, Plaintiff's additional claims in the present lawsuit arise out of the same operative facts as the claims asserted in the state action. Thus, all of the conditions are met and Wainscott is prohibited from raising any claim in this suit that was or could have been raised in the prior state suit. Because Plaintiff raised or could have raised the present claims in the earlier state action Plaintiff's claims are barred.

    C.    **Insufficiency of Service of Process**

The DCBBB asserts that this action should be dismissed for insufficiency of

service of process. Under Federal Rule of Civil Procedure 12(b), a defendant may move for dismissal based on the insufficiency of service of process on him or insufficiency of the process itself. Fed. R. Civ. P. 12(b)(4),(5). A motion under Rule 12(b)(5) must be present along with, or prior to, the movant's first responsive pleading. Fed. R. Civ. P. 12(b); *see Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988).

In ruling on a motion to dismiss based on insufficiency of service of process, a court looks to Federal Rule of Civil Procedure 4, which sets out the requirements for a summons and governs service of process. *See, e.g.*, *Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728, 729–30 (5th Cir. 1985). The burden of proof is on the party asserting the sufficiency of the process and service at issue. *See Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980), *overruled on other grounds by Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694 (1982) (citing 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (1975)).

Service of process upon the DCBBB must be made upon the presiding officer of the DCBBB. In this case Plaintiff served Gary Fitzsimmons, District Clerk of Dallas County, Texas who is a member of the DCBBB. Mr. Fitzsimmons, however, is not the presiding officer of the DCBBB. Consequently, service of process upon the DCBBB is improper and insufficient as a matter of law.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss.

Accordingly, the Court will enter a separate judgment for Defendants. All other outstanding motions are hereby **DENIED**.

    **SO ORDERED.**

Signed February 10th, 2010.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE